UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Howard E. Hayes, Jr.,

Appellant,

v. Case No: 8:26-cv-01957-JLB

Deutsche Bank National Trust Company, as Trustee for Ixis Real Estate Capital Trust 2006HE3 Mortgage Pass Through Certificates, Series 2006HE3,

Appellee.
_______________________________________/

**ORDER**

This matter is before the Court on Appellant Howard E. Hayes, Jr.'s Emergency Motion for Temporary Administrative Stay Pending Appeal, and Injunction Preserving the Status Quo Under Federal Rule of Bankruptcy Procedure 8007(b). (Doc. 6). Upon careful consideration, the Motion is **DENIED**.

**LEGAL STANDARD**

A stay pending appeal is an "extraordinary remedy." *In re Woide*, 730 F. App'x 731, 737 (11th Cir. 2018). The decision on whether to grant a stay pending appeal under Federal Rule of Bankruptcy Procedure 8007 is within the sound discretion of the court. *In re White-Lett*, No. 23-10732, 2024 WL 578122, at *2 (11th Cir. Feb. 13, 2024).

Federal Rule of Bankruptcy Procedure 8007(a)(1)(A) provides that a party must ordinarily move first in the bankruptcy court for a stay of the bankruptcy

court's judgment pending appeal. Rule 8007(b), however, allows a Rule 8007(a)(1) motion to be brought in the court where the appeal of the bankruptcy court's judgment is pending upon the movant's showing that "moving first in the bankruptcy court would be impracticable." Fed. R. Bankr. P. 8007(b)(1)–(2)(A).

The motion for stay pending appeal "must also include . . . (A) the reasons for granting the relief requested and the facts relied on; (B) affidavits or other sworn statements supporting facts subject to dispute; and (C) relevant parts of the record." Fed. R. Bankr. P. 8007(b)(3).

The movant must also establish "(1) a substantial likelihood that they will prevail on the merits of the appeal; (2) a substantial risk of irreparable injury to the[m] unless the [stay] is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest." *In re Woide*, 730 F. App'x at 737 (quoting *Touchston v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000) (alterations in original)).

**BACKGROUND**

Appellant filed for bankruptcy in January 2026. (Doc. 4-6 at 1). In March 2026, Appellee Deutsche Bank, a secured creditor in the bankruptcy action, moved for prospective relief from the automatic stay and co-debtor stay. (Doc. 4-12). The bankruptcy court granted the motion, finding that "[t]his bankruptcy was filed as part of a scheme to hinder and delay [Appellee] as such, [Appellant] is considered a serial abusive filer with no ability or intent to follow the bankruptcy rules pursuant to 11 U.S.C. § 362(d)(4)." (Doc. 4-16 at 2). Thus, the bankruptcy court terminated

the automatic stay imposed by 11 U.S.C. § 362. In other words, Appellee could pursue its lawful *in rem* remedies against the subject property, 4871 56th Way North, Kenneth City, FL 33709. (*Id.* at 2). Appellant appealed the bankruptcy court's Order granting Appellee's request for termination of the automatic stay to this Court. (Doc. 1).

Also in the underlying bankruptcy action, the bankruptcy court dismissed the case without prejudice, effective on May 5, 2026. (Doc. 4-17 at 2; *Hayes Jr. v. Remick*, Case No. 8:26-cv-01988-TPB, Doc. 2-22). In the dismissal order, the bankruptcy court specified that "[i[f the automatic stay imposed by 11 U.S.C. § 362(a) or the stay of an action against a codebtor is in effect at the time this Order is entered, the automatic stay shall remain in effect for 14 days from the date of this Order . . . ." (*Hayes*, Case No. 8:26-cv-01988-TPB, Doc. 2-22 at 1). Appellant appeals the bankruptcy court's Order dismissing the action to this Court in a separate case. *See Hayes Jr. v. Remick*, Case No. 8:26-cv-01988-TPB ("Hayes").

Now, Appellant seeks a stay and injunction in this case pursuant to Federal Rule of Bankruptcy Procedure 8007 to preserve the status quo during the pendency of his appeal of the bankruptcy court's Order terminating the automatic stay under 11 U.S.C. § 362. (Doc. 6). Appellant seeks a stay in anticipation of a state court hearing to be held on August 12, 2026, between himself and Appellee. (Doc. 6 at 1; Doc. 6 at 4–6). Appellant fears that "[o]nce a foreclosure case proceeds through final judgment, sale, transfer of title, or possession, restoration of the status quo becomes substantially more difficult. . . ." (Doc. 6 at ¶ 12). Accordingly, Appellant asks this

Court to prohibit Appellee from obtaining foreclosure by enjoining the state court from holding the hearing or, alternatively, by enjoining the state court from entry of judgment during pendency of this appeal. (Doc. 6 at 1, 4).

**DISCUSSION**

The Court finds that Appellant has not established entitlement to the "extraordinary relief" of a stay pending appeal.

11 U.S.C. § 362 provides an automatic stay in bankruptcy proceedings preventing creditors from, among other things, pursuing foreclosure action. Here, however, Appellee moved for, and the bankruptcy court granted, relief from the automatic stay. (Doc. 4-12; Doc. 4-16). In other words, the bankruptcy court allowed Appellee to pursue remedies against the subject property, including foreclosure. (Doc. 4-16 at 2). Even if the bankruptcy court had *not* made such a ruling, the automatic stay under section 362 would have terminated on September 4, 2026, fifteen (15) days after the Order dismissing the bankruptcy proceeding. (*Hayes*, Doc. 22 at 1); 11 U.S.C. § 362(c)(2)(B); *see In re Otero*, 741 F. App'x 761, 763 (11th Cir. 2018) ("[R]egardless of whether a creditor moves for relief from the automatic stay under § 362(d), the stay expires by operation of law . . . when a bankruptcy case is dismissed).

Because the bankruptcy case has been dismissed, the bankruptcy court's Order granting Appellee relief from the automatic stay is moot, as is the relief Appellant seeks now, because the only matter before this Court on appeal is the grant of relief from an automatic stay that is not in place. (Doc. 1).

Indeed, "[u]nder the Anti–Injunction Act, an injunction halting a state court proceeding is inappropriate, 'except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Burr & Forman v. Blair*, 470 F.3d 1019, 1027 (11th Cir. 2006) (quoting 28 U.S.C. § 2283). None of these exceptions are met here, and Appellant does not argue otherwise. The first exception is obviously inapplicable. *See Arthur v. JP Morgan Chase Bank, NA*, 569 F. App'x 669, 678 (11th Cir. 2014) ("Appellants have cited no Act of Congress that would allow for injunctive relief . . . ."). And, though a bankruptcy court may stay state court proceedings, this is appropriate only "when it is satisfied that such proceedings would defeat or impair its jurisdiction over the case before it." *In re AS Mgmt. Servs., Inc.*, No. 05-13025-BKC-AJC, 2007 WL 2100514, at *5 (Bankr. S.D. Fla. July 12, 2007). Because the Order below granting Appellee relief from the automatic stay is moot following the dismissal of the action, there is no jurisdictional or enforcement of judgment concern. Thus, the Anti-Injunction Act prohibits this Court from staying or enjoining the state court hearing or judgment. *See In re Otero*, 741 F. App'x at 763 ("[Appellant]'s challenge to the bankruptcy court's grant of relief from the automatic stay was rendered moot by the bankruptcy court's discharge order.); *see also*, *King v. Internal Revenue Serv.*, No. 1:22-CV-89 (LAG), 2023 WL 12239931, at *4 (M.D. Ga. Jan. 27, 2023) (finding that the automatic stay under section 362 terminated upon dismissal of the bankruptcy action and denying appellant's motion to stay eviction declining jurisdiction to review state court orders and enjoin state court proceedings under the Anti-

Injunction Act).

Further, Appellant did not move to stay in the bankruptcy court before filing the motion with this Court. (Doc. 6 at 2); Fed. R. Bankr. P. 8007(a)(1). Rather, Appellant argues that so moving would have been impracticable. Specifically, Appellant contends that "the complete appellate record has already been transmitted to this Court, the Bankruptcy Court has already entered the order under review and denied reconsideration, and requiring a new round of emergency motion practice below risks entry of final judgment before this Court can act." (*Id.*).

It is unclear why transmission of records to this Court makes moving for a stay in the bankruptcy court impracticable. Moreover, the mere fact that the bankruptcy court has made unfavorable rulings to Appellant is insufficient to establish such impracticability. *See In re Cannie*, No. 3:24-BK-3364-BAJ, 2025 WL 1755157, at *2 (M.D. Fla. June 25, 2025) (collecting cases). Additionally, there is nothing in the record to establish that a foreclosure sale, a transfer of property, or any other irreversible event is scheduled for August 12, 2026. To be sure, the state court hearing scheduled for that date appears to be a hearing on Appellee's motion for summary final judgment of foreclosure and Appellant's counterclaim. (Doc. 6 at 5–6).

Even if the Court found that filing first with the bankruptcy court was impracticable given the timing of the motion with the impending state court hearing, Appellant's Motion falls short. *See In re Cannie*, 2025 WL 1755157, at *2 (explaining that impracticability may be met where the movant shows "that 'a

bankruptcy judge was unavailable, or that, to be effective, relief must be immediate'") (quoting *Richert v. Murphy*, No. BR 23-20779-CIV, 2023 WL 2770915, at *2 (S.D. Fla. Apr. 4, 2023)).

The Motion fails to address whether Appellant has a substantial likelihood of success on the merits. Instead, it argues that Appellant "presents a substantial case on the merits" before listing *general* issues in the action on appeal, such as Appellee's standing, inconsistent default dates, the timeline of the transfer, and agency relationships between Appellee and mortgage corporations. (Doc. X at 3). This is devoid of any argument that Appellant has a substantial likelihood of succeeding on any of these grievances. Indeed, Appellant fails to expand on these issues, and he does not point the Court to the record or supporting caselaw. Thus, the Motion also fails under the requirements of Rule 8007.

## CONCLUSION

Accordingly, Appellant's Emergency Motion for Temporary Administrative Stay Pending Appeal, and Injunction Preserving the Status Quo (Doc. 6) is **DENIED**.

**ORDERED** in Tampa, Florida, on August 12, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE